PC
FILED
APRIL 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

08 C 50067

Luster Leaf Products Inc.,
an Illinois corporation,

Plaintiff,

v.

W. Atlee Burpee Company,
a Pennsylvania corporation

Defendant.

Case No: ____________

JURY TRIAL DEMANDED

JUDGE REINHARD
MAGISTRATE JUDGE MAHONEY

**COMPLAINT FOR PATENT INFRINGEMENT**

The Plaintiff, Luster Leaf Products Inc. ("Luster Leaf"), an Illinois corporation, with offices at 2220 Tech Court, Woodstock, IL 60098-9200, through its attorneys, Baker & McKenzie LLP hereby complain against the Defendant, W. Atlee Burpee Company ("Burpee"), a Pennsylvania corporation with offices at 300 Park Ave, Warminster, PA 18974-4808, stating as follows:

**THE PARTIES**

1. Luster Leaf is an Illinois corporation headquartered in Woodstock, Illinois.

2. Luster Leaf manufactures, sells and distributes indoor and outdoor gardening products in the United States, including in the State of Illinois, and including in this district.

3. Defendant Burpee is a Pennsylvania corporation and has places of business at 300 Park Ave, Warminster, PA 18974-4808.

4. Burpee is engaged in the manufacture, importation, use, offering for sale and/or sale of seeds, and also sells gardening tools and accessories.

## THE ACCUSED PRODUCT

5. Burpee manufactures, imports, uses, offers for sale and sells an electronic soil tester, Item 69344, a photo of which is attached hereto as Exhibit A (referred to herein as the "Burpee Electronic Soil Tester").

6. Burpee offers for sale the Burpee Electronic Soil Tester in the United States.

7. Burpee advertises the Burpee Electronic Soil Tester on its website (i.e., http://www.burpee.com/),

8. The Burpee Electronic Soil Tester may be purchased using Burpee's website.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1338 because this matter arises under the United States patent statutes for infringement of United States patents.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and (b) and §1391(b) and (c) because Burpee is subject to personal jurisdiction in this district and therefore resides in this District pursuant to 28 U.S.C. § 1391(c) because Burpee does business in this district, and because the Burpee Electronic Soil Tester is offered for sale in this district.

## INFRINGEMENT OF U.S. PATENT D491,822

11. On June 22, 2004 the United States Patent Office granted U.S. Patent D491,822 (the " '822 patent") to Luster Leaf. A copy of the ‘822 patent is attached hereto as Exhibit B.

12. By making, importing, using, offering for sale and selling the Burpee Electronic Soil Tester shown in Exhibit A, Burpee infringes at the ‘822 patent in violation of 35 U.S.C. Sec. 271.

13. Luster Leaf has suffered and is continuing to suffer damages as a result of

Burpee’s and infringement of the ‘822 patent in violation of 35 U.S.C. § 271, and Luster Leaf is entitled to compensation or other damages as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284 and 289.

14. By reason of the ongoing and continuous infringement by Burpee of the ‘822 patent in violation of 35 U.S.C. § 271, Luster Leaf is entitled to an entry of an injunction against Burpee, preventing further infringement of Luster Leaf’s patent rights, pursuant to 35 U.S.C. § 283.

**REQUEST FOR RELIEF**

The Plaintiffs hereby request an entry of relief against the Defendants as follows:

(a) Entry of judgment that Burpee, by reason of the distribution, offer for sale, and sale of accessories that infringe Luster Leaf's patent rights as asserted herein in violation of 35 U.S.C. § 271(a).

(b) Awarding Luster Leaf damages to the full extent permitted by 35 U.S.C. § 284 and 289, by reason of Burpee's infringement of the patents asserted herein.

(c) Entry of a permanent injunction against Burpee, barring and enjoining further distribution, offer for sale or sale in the United States of all infringing products.

**DEMAND FOR JURY**

Plaintiffs request that all issues triable by a jury be so tried in this case.

Dated:  April 21, 2008

**BAKER & McKENZIE LLP**

 /s/ David I. Roche
David I. Roche
Daniel A. Tallitsch
Attorneys for Plaintiffs

**BAKER & McKENZIE LLP**
130 E. Randolph Drive
Chicago, IL  60601
ph:     (312) 861-8608
fax:    (312) 698-2363

LIST OF EXHIBITS

Exhibit A      Photo of Accused Product
Exhibit B      U.S. Patent D491,822

08 C 50 0 67

# Exhibit A

No Batteries Required!
BURPEE
ELECTRONIC SOIL TESTER
MEDIDOR DE TIERRA ELECTRONICO
FERTILITY
BURPEE
2-WAY ANALYZER

# Exhibit B

US00D491822S1

# (12) United States Design Patent

Holbein

(10) Patent No.: US D491,822 S
(45) Date of Patent: ** Jun. 22, 2004

(54) **SOIL METER**

(75) Inventor: **Larry L. Holbein**, Woodstock, IL (US)

(73) Assignee: **Luster Leaf Products, Inc.**, Woodstock, IL (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/181,267**

(22) Filed: **May 9, 2003**

(51) **LOC (7) Cl.** .................................................... **10-04**
(52) **U.S. Cl.** ........................................................ **D10/56**
(58) **Field of Search** .............................. D10/56; 73/73; 324/694, 724; 340/604; 702/50

(56) **References Cited**

U.S. PATENT DOCUMENTS

D374,182 S * 10/1996 Lam ............................ D10/56
6,088,657 A * 7/2000 McMahon .................. 702/50
6,637,259 B2 * 10/2003 McElhaney et al. ........... 73/73

* cited by examiner

*Primary Examiner*—Antoine D. Davis
(74) *Attorney, Agent, or Firm*—David I. Roche; Baker & McKenzie

(57) **CLAIM**

The ornamental design for a soil meter, as shown and described above.

**DESCRIPTION**

FIG. **1** is a front elevational view of a soil meter embodying my invention;
FIG. **2** is a back elevational view thereof;
FIG. **3** is a right side elevational view thereof;
FIG. **4** is an left side elevational view thereof;
FIG. **5** is top end view thereof; and,
FIG. **6** is a bottom end view thereof.

**1 Claim, 2 Drawing Sheets**

Fig 1
Fig 2

Fig 3
Fig 4
Fig 5
Fig 6